| | |
|---|---|
| **DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO**<br><br>Court address: 1437 Bannock St., Rm 431<br>Denver, CO 80202<br><br>Phone Number: 720-865-8301 | |
| JANE ROE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC., a Delaware Corporation, and THREE GENERATIONS, INC., a Delaware Corporation,<br><br>Defendants. | ▲ Court Use Only ▲<br><br>Case Number:<br><br>Division: |
| **Attorneys for Plaintiff**<br>Ahson Wali<br>Daniel Vedra<br>Vedra Wali LLC<br>1435 Larimer Street, Suite 302<br>Denver, Colorado 80202<br>Telephone: (303) 937-6540<br>Fax: (303) 937-6547<br>Email Address: daniel.vedra@vwfirm.com;<br>ahson.wali@vwfirm.com<br>Atty. Reg. No. 44010, 43596 | |
| **COMPLAINT** | |

Plaintiff Jane Roe, an individual ("**Plaintiff**"), by and through her undersigned counsel Vedra Wali LLC, files this Complaint asserting a claim for Public Disclosure of Private Facts against Netflix, Inc. ("**Netflix**"), and Three Generations, Inc. ("**Generations**" collectively the "**Defendants**"), and states as follows.

## INTRODUCTION

1. This case involves the Defendants' public disclosure of private facts regarding Plaintiff. Plaintiff was an underage victim of sexual abuse. Sgt. Daniel Steele was involved in the criminal case against Plaintiff's abusers and became familiar with the details. In a recorded interview years later, Sgt. Daniel Steele of the Denver Police Department disclosed personal details

related to Plaintiff's sexual abuse, including Plaintiff's name and photographs. Generation's subsequently published this recorded interview in a movie it produced entitled *Tricked*. Netflix broadcasts *Tricked* on its online video streaming service and has repeatedly disclosed Plaintiff's sensitive and private information on thousands of occasions. Plaintiff suffered, humiliation, anxiety, embarrassment, and social stigma as a result of Defendants' actions.

## PARTIES AND VENUE

2. Plaintiff is an individual, and has a place of residence in Denver, Colorado.

3. Netflix is a Delaware Corporation with its principle office located at 100 Winchester Circle, Los Gatos, California 95023.

4. Generations is a Delaware Corporation with its principle office located at 327 West 84th Street, New York, New York, 10024.

5. Netflix lists its registered agent as the Corporation Company located at 7700 E. Arapahoe Rd., Suite 220, Centennial, Colorado 80112.

6. Generations lists its registered agent as the Corporation Service Company, located at 2711 Centerville Rd, Suite 400, Wilmington, Delaware, 19808.

7. The acts and omissions described herein occurred during the course of Defendants' businesses.

8. Defendants are not infants, incompetent persons, or officers or agents of the State of Colorado.

9. Pursuant to Colo. R. Civ. Pro. 98(c) venue is proper in Denver as the tort occurred in the City and County of Denver.

## FACTS

10. On or about December 13, 2013, Generations released *Tricked*, a movie about prostitution (the "Movie").

11. In the Movie, the directors interview Daniel Steele ("Steele") a sergeant with the Denver Police Department's Special Investigation Division.

2

12. In the Movie, Generation's portrays Steele as an expert in prostitution crimes and human trafficking.

13. Upon information and belief, Steele also claims to be an expert in prostitution and human trafficking.

14. In the Movie, Steele is interviewed regarding his work dealing with the crime of prostitution in the City of Denver.

15. During the course of this interview, Steele discloses personal photos taken of Plaintiff and states her first name.

16. Steele then discloses that Plaintiff was forced by her mother to give "blow jobs", "hand jobs", and have sex with drug dealers in exchange for drugs.

17. Steele recounts a maudlin story about how he attempted to adopt Plaintiff and was not able to.

18. Steele then states, "of course she [Plaintiff] is going to go back to what she is used to", referring to prostitution.

19. Steele's statements about Plaintiff, relate to events that occurred when Plaintiff was a minor.

20. Plaintiff's identity as a victim of a sexual crime is protected from disclosure in the State of Colorado under the Criminal Justice Records Act, Colo. Rev. Stat. §§ 24-72-301, *et seq.* ("CJRA").

21. By passing the CJRA, the Colorado legislature indicated a clear intent to protect the names and identities of victims of sexual crimes from being disclosed to the public.

22. By passing the CJRA, the Colorado legislature indicated a clear intent that the names and identities of victims of sexual crimes were not matters of legitimate public concern.

23. Indeed, one purpose of the CJRA was to protect the identities of the victims of sexual crimes from disclosure to the public.

24. Plaintiff's name and identity were not available from any other public source.

25. Upon information and belief, Steele was not authorized to reveal Plaintiff's name and identity.

26. Generations placed this interview in the Movie.

27. Generations then listed Plaintiff's full name in the credits.

28. Generations sells the Movie nationwide on its website www.3generations.org.

29. Upon information and belief, people in the State of Colorado have purchased the Movie.

30. Generations revealed nonpublic information about the Plaintiff in the Movie.

31. Defendant Generations allowed the Movie to be featured on Netflix's video streaming service.

32. Upon information and belief, the Movie has been viewed on thousands of occasions on Netflix's online video streaming service.

33. Upon information and belief, the Movie has been viewed in the State of Colorado on numerous occasions.

34. In August 2016, Plaintiff became aware that her private information was exposed when a relative told her she had seen the Movie.

35. Plaintiff's relative was not previously aware of any of the details regarding Plaintiff featured in the Movie.

## FIRST CLAIM
### (Public Disclosure of Private Facts)

36. Plaintiff incorporates paragraphs 1-37 as though fully set forth herein.

37. Defendants made otherwise private facts about the Plaintiff, including her name and identity, public.

38. Before this disclosure, Plaintiff's name and identity were private.

39. A reasonable person would find the disclosure of those facts very offensive.

40. At the time of the disclosure, the Defendants knew or should have known that the facts they disclosed were private.

4

41.    Plaintiff's name and identity were not matters of public concern.

42.    Plaintiff has suffered injuries including depression, anxiety, and despair as a result of Defendants' conduct.

43.    Defendants' conduct caused Plaintiff's injuries.

### PRAYER FOR RELIEF

44.    Plaintiff ▓▓▓▓▓▓▓▓▓▓▓ prays and requests relief from the Defendants as follows:

    A.    actual damages;

    B.    emotional distress damages;

    C.    injunctive relief;

    D.    pre judgment and post judgment interest on all damages as allowed by law; and

    E.    payment of costs incurred as a result of filing this action.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter Judgment in her favor and against Defendants, and award to Plaintiff such damages and penalties as this Court may deem just and proper, together with an award of Plaintiff's reasonable attorney fees, expert witness fees, and costs of suit, pre-judgment and post-judgment interest on any award of damages to the extent permitted by law, present and future damages, any other items allocable by statute or specific agreement, and for such other and further relief, including injunctive relief, as this Court may deem appropriate.

**DATED** this 11th day of December 2016.

VEDRA WALI LLC

By: /s/
Ahson Wali
Daniel J. Vedra
*Attorneys for Plaintiff*